IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES E. BERTRAND and
DEBRA K. BERTRAND,

    Plaintiffs,

v.                                      Civil Action No. 5:14CV147
                                                     (STAMP)
GASTAR EXPLORATION, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The plaintiffs originally filed their complaint in the Circuit Court of Marshall County, West Virginia. The plaintiffs own a residence and property that are adjacent to the defendant's land. The defendant engages in oil and gas operations, and is incorporated in Delaware with its principal place of business in Texas. The defendant's operations on the land allegedly caused the following damages in this private nuisance action: (1) contaminated the plaintiffs' water supply; (2) created noise pollution throughout the day and night; (3) resulted in unbearable odors and fumes on the plaintiffs' property; and (4) littered on the plaintiffs' land. Despite repeated attempts at contacting the defendant to resolve the dispute, the plaintiffs claim that the defendant remains unresponsive. As a result of the defendant's actions, the defendant has substantially and unreasonably interfered with the plaintiffs' use and enjoyment of their land.

Accordingly, they request compensatory damages, general damages, punitive damages, attorney's fees, and any other relief the Court deems necessary.

The defendant then filed a notice of removal, arguing that diversity jurisdiction exists. ECF No. 1. In addition, the defendant also filed an answer and counterclaim. ECF No. 5. In its counterclaim, the defendant argues that the plaintiffs breached the contract between them. Specifically, the defendant alleges that the plaintiffs agreed to permit the defendant to build and maintain a well pad on the adjacent property for $25,000.00, which the defendant paid. Further, the defendant claims that by executing the contract, the plaintiffs waived any objection to the construction and use of the well pad. By filing this civil action, the defendant claims that the plaintiffs breached their agreement, and now it seeks damages for that breach.

At issue now is the plaintiffs' motion to remand. ECF No. 4. In their motion, the plaintiffs argue that the defendant fails to demonstrate that the amount in controversy requirement is satisfied. The plaintiffs claim that the defendant simply recited the facts from the complaint and provided no evidence that the amount in controversy exceeded $75,000.00. Because the defendant failed to satisfy its burden, the plaintiffs believe their motion should be granted.

The defendant filed a response in opposition. ECF No. 6. The defendant claims that the amount in controversy is satisfied for three reasons. First, the defendant claims that prior to filing their complaint, the plaintiffs agreed to allow the defendant to build and maintain a well pad adjacent to the plaintiffs' land for $25,000.00. Second, because the plaintiffs seek punitive damages, the defendant claims that if those damages are awarded, then the claim will greatly exceed $75,000.00. Finally, the defendant argues that because the plaintiffs seek attorney's fees and expenses, those costs combined with the previously discussed costs amount to over $75,000.00. Therefore, the defendant requests that this Court deny the plaintiffs' motion to remand. The plaintiffs then filed a reply, in which they assert that the defendant's arguments for the amount in controversy requirement are still speculative. ECF No. 7. Therefore, they believe that the defendant has not met its burden.

For the reasons set forth below, the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The

4

defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

### III. Discussion

The facts show that the plaintiffs are citizens of West Virginia, and the defendant is a citizen of Delaware with its principal place of business in Texas. The only issue in dispute, however, is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiffs' motion to remand must be granted. The defendant fails to demonstrate that the amount in controversy requirement has been satisfied. In its response in opposition to the plaintiffs' motion, the defendant points out that the plaintiffs accepted $25,000.00 in exchange for the construction of the nearby well pad. ECF No. 6. The defendant, however, then argues that "[d]espite being aware of this

5

situation, Plaintiffs accepted $25,000 and waived any objection to the construction of the future [well-pad] . . . That is, Plaintiffs evaluated the consequences of living close to a working well pad and valued their situation at $25,000." Id. (internal citations and emphasis omitted). The defendant also notes that the plaintiffs seek punitive damages, attorney's fees, and costs. Thus, the defendant argues that when one considers the compensatory damages that the plaintiffs seek as well as what the plaintiffs may receive if successful, then the amount in controversy requirement is satisfied. That calculation, however, fails to satisfy the defendant's burden.

First, as stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213-15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583.

Second, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2. Although the plaintiffs assert a claim for

punitive damages, that does not "relieve the defendant, as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than not that the amount in controversy" will exceed $75,000.00. Wiemers v. Good Samaritan Society, 212 F. Supp. 2d 1042, 1046 (N.D. Iowa 2002). Here, the defendant still fails to show that the amount in controversy, exclusive of interest and costs, at this time satisfies the requirement under diversity jurisdiction. Therefore, because the defendant only speculates the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction. Accordingly, the plaintiffs' motion is granted, and the case is remanded to the Circuit Court of Marshall County, West Virginia.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand is GRANTED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:      March 20, 2015

                                            /s/ Frederick P. Stamp, Jr.
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE